UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RODERICK COOPER,               )  CASE NO. 1:09 CV 0192
                               )
                               )
         Plaintiff,            )  JUDGE CHRISTOPHER A. BOYKO
                               )
    v.                         )
                               )  <u>MEMORANDUM OF OPINION</u>
                               )  <u>AND ORDER</u>
GANLEY MANAGEMENT CO.,         )
                               )
                               )
         Defendant.            )

<u>Pro</u> <u>se</u> plaintiff Roderick Cooper filed this <u>in</u> <u>forma</u> <u>pauperis</u> action on January 27, 2009 against Ganley Management Co. Mr. Cooper seeks $250,000 in damages from the defendant "for not letting me get job." (Compl. at 1.)

BACKGROUND

The complaint contains very few facts. Mr. Cooper started looking for a job with Ganley Toyota in March 2008. He filled out an application and returned several times until April 2008 "looking for a job I know I good [sic] for." (Compl. at 1.) Mr. Cooper believed Ganley would hire him because he is African American and he had never seen an African American porter working at Ganley. There is no indication Ganley offered Mr. Cooper any position.

Attached to the complaint is a Dismissal and Notice of Rights, dated January 15,

2009, closing the Equal Employment Opportunity Commission's (E.E.O.C.) file on plaintiff's charge.[1] The E.E.O.C. adopted the findings of the state or local fair employment practices agency that investigated the charge. Mr. Cooper does not disclose the results of the state or local agency's conclusions.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## RACIAL DISCRIMINATION

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 26 U.S.C. §623(a)(1). This extends to claims that an employer "fail[ed] or refuse[d] to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Although Mr. Cooper does not cite Title VII in his complaint against Ganley, he does allege he is African American. Because this is a protected class under Title VII, the court will liberally construe plaintiff's pro se pleading under the rubric of Title VII.

---

[1]There is no indication on what basis plaintiff filed charges with the E.E.O.C. against Ganley.

There are no allegations that Ganley failed to hire Mr. Cooper because of his race. By his own admission, plaintiff asserts he should have been hired because of his race. While Title VII seeks to protect certain classes from discriminatory treatment, it does not provide a means through which applicants may assert legal entitlement to employment based on membership within a particular class. Mr. Cooper's complaint does not contain any allegation regarding discriminatory treatment because of his race. Instead, he asserts he assumed he would be hired because he had never seen an African American porter at Ganley in the past. Although a plaintiff is not required to establish a prima facie case of racial discrimination at the pleading stage, Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), he or she is still not permitted to state a claim based on conclusory allegations.[2] The "'[f]actual allegations must be enough to raise a right to relief above the speculative level'; they must 'state a claim to relief that is plausible on its face.'" Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1974 (2007)). While this court is tasked to construe a complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in the plaintiff's favor, Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir.2008), it is not obligated to "accept as true legal conclusions or unwarranted factual inferences." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir.2007); see also Twombly, 127 S. Ct. at 1964-65 (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[2] In order to state a prima facie case of discrimination based on a failure to hire, the plaintiff must allege (1) that he is a member of a protected class, (2) that he applied for and was qualified for an open position, (3) that he was rejected for that position, and (4) that, after he was rejected, the employer continued to seek applications from persons with the plaintiff's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Other than alleging his is in a protected class, Mr. Cooper fails to otherwise even suggest he has stated a claim for relief under Title VII.

conclusions"). "[L]egal conclusions masquerading as factual allegations will not suffice." <u>Eidson v. State of Tenn. Dep't of Children's Servs</u>., 510 F.3d 631, 634 (6th Cir.2007). Mr. Cooper does not allege any facts beyond his status as an African American who was not hired for a position which he sought. This conclusory statement does not state a claim for relief under Title VII.

## CONCLUSION

Based on the foregoing, plaintiff's Motion to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

March 17, 2009